United States District Court
District of Massachusetts

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R3, ) ) ) ) ) ) Plaintiff, ) ) v. ) ) GINA GRANDBERRY, ) ) Defendant. ) ) | Civil Action No. 17-12581-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute over the ownership of a mortgage ("the Mortgage") and an Adjustable Rate Note ("the Note"). Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R3 ("Deutsche Bank" or "plaintiff") maintains that it is the holder of record of the Mortgage and the Note and that Gina Grandberry ("Grandberry" or "defendant"), the owner of the mortgaged property, created a cloud on the title thereof by recording an affidavit at the Registry of Deeds that denied that Deutsche Bank was the holder of either the Mortgage or the Note.

-1-

Deutsche Bank brings this action for declaratory judgment that it is the rightful mortgagee and noteholder, is entitled to pursue foreclosure and that the affidavit recorded by defendant actually creates a cloud on the title of the subject property that should be removed.[1] Pending before this Court is defendant's motion to dismiss on the grounds that Deutsche Bank 1) lacks standing to bring its claims, 2) has failed to state a claim upon which relief can be granted and 3) is barred from bringing this action for both claim and issue preclusion. For the reasons that follow, defendant's motion will be denied.

## I. Background

### A. The Mortgage and the Note

Plaintiff is a nationally chartered bank with a principal office located in Santa Ana, California. Grandberry is an individual who resides in Lynn, Massachusetts.

In April, 1999, Grandberry took title to residential property ("the Property") in Lynn, Massachusetts, pursuant to a quitclaim deed from Federal Home Loan Mortgage Corporation. That deed was recorded with the Essex District Registry of Deeds ("the Registry"). In February, 2005, Grandberry executed the

---

[1] Deutsche Bank also asserts a claim for quiet title in Count I of its complaint pursuant to M.G.L. c. 240, § 6. Specifically, the bank contends that it is "entitled to a judgment quieting title to the Mortgage in it as the holder of record thereof". It is unclear to the Court, however, that a party can state a claim for quiet title to a mortgage which does not create unconditional title to property but rather an extinguishable lien. Nevertheless, the Court declines to dismiss that count of the complaint at this stage given the inadequacy of the briefing on that issue.

Mortgage and the Note in the amount of $334,950 in favor of Ameriquest Mortgage Company ("Ameriquest"). The Mortgage was recorded with the Registry in March, 2005.

In April, 2005, the Mortgage and the Note were securitized and the Note was transferred to Deutsche Bank as trustee of the Series 2005-R3 Certificates. In February, 2007, Ameriquest assigned the Mortgage to Deutsche Bank and that assignment was also recorded with the Registry.

**B.   Prior Litigation**

In December, 2011, Deutsche Bank foreclosed on the Mortgage and purportedly took title to the Property. The foreclosure deed was recorded in the Registry in January, 2012. Shortly thereafter, plaintiff filed a summary process action to evict Grandberry from the Property. In October, 2013, the Northeast Housing Court determined that the foreclosure sale was invalid and entered judgment in favor of Grandberry.

In December, 2016, Grandberry executed an Affidavit of Clarification of Title ("the Affidavit") pursuant to M.G.L. c. 183, § 5B, in which she stated that Deutsche Bank was not the holder of the Mortgage or the Note. That affidavit was subsequently recorded with the Registry in February, 2017. Deutsche Bank recorded the decision of the Northeast Housing Court with the Registry in March, 2017, thereby rescinding the foreclosure deed.

In September, 2016, Grandberry filed a civil action against Deutsche Bank in the Northeast Housing Court. In June, 2017, she filed a motion to compel Deutsche Bank to pay her water and sewer bills after the water to her Property was disconnected. After the Court determined that the foreclosure had been rescinded and that Grandberry was still the owner of the property, it denied her request to compel Deutsche Bank to pay her bills.

### C. Current Action

In December, 2017, Deutsche Bank initiated the present action. It asserts that Grandberry created a cloud on the title by recording her Affidavit which adversely affects plaintiff's ability to foreclose on the Mortgage. In September, 2018, defendant filed a motion to dismiss on the grounds that Deutsche Bank is not the valid holder of the Mortgage or the Note.

## II. Motion to Dismiss

### A. Legal Standard

A plaintiff faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1) bears the burden of establishing that the court has subject matter jurisdiction over the action. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and

drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B. Diversity Jurisdiction**

As an initial matter, this Court has subject matter jurisdiction over this action. Federal diversity jurisdiction is available in cases arising between citizens of different

states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A national banking association is, for purposes of diversity jurisdiction, a citizen of the state where its main office is located as designated in its articles of association. 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation. Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977).

In her motion to dismiss, Grandberry alludes to the purported failure of Deutsche Bank to establish diversity jurisdiction but does not sufficiently elaborate. Deutsche Bank has satisfied its burden of demonstrating that this Court has diversity jurisdiction over this case. Defendant does not dispute that the bank's main office is located in California nor that she is a citizen of Massachusetts for purposes of diversity jurisdiction. Thus there is complete diversity between the parties and because the face value of the Mortgage is $334,950, the amount-in-controversy requirement is satisfied.

**C. Standing**

Deutsche Bank has also demonstrated that it has standing. To establish Article III standing, the plaintiff must show that it has suffered an injury in fact that is particularized, actual or imminent, fairly traceable to the challenged conduct and

likely to be redressed by a favorable decision of the court. Lujan, 504 U.S. at 560-61 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . .").

The facts pled in the complaint and the documents attached thereto establish that Deutsche Bank is the holder of the Mortgage and the Note despite Grandberry's contrary assertions. On a motion to dismiss, the Court must accept plaintiff's factual allegations as true. Deutsche Bank submits that the recorded Affidavit inhibits its ability to foreclose on the Mortgage because it creates a cloud on the title to the Property and that entry of a declaratory judgment in its favor would clear the title so that foreclosure could proceed. Deutsche Bank therefore has standing and defendant's motion to the contrary will be denied.

**D.    Failure to State a Claim**

Grandberry asserts that Deutsche Bank has failed to state a claim for quiet title because it concedes that she is in actual possession of the Property. See Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 43 (1st Cir. 2017) ("[U]nder Massachusetts law, a quiet title action cannot be maintained unless both actual possession and the legal title are united in the plaintiff, yet a mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable

title, which the mortgagor retains." (citations omitted) (internal quotation marks omitted)).

Defendant misapprehends, however, the relief sought by Deutsche Bank. Deutsche Bank does not seek quiet title to the Property but rather enforcement of its rights under the Mortgage through a declaratory judgment. Grandberry cites no authority suggesting that Deutsche Bank cannot prevail on such an action under either federal or Massachusetts law and Deutsche Bank has alleged facts sufficient to show that it is the lawful holder of the Mortgage and the Note. Although the bank does assert a claim for quiet title to the Mortgage, as noted above, neither party has explained how such a claim is with or without merit. Defendant's motion to dismiss for failure to state a claim will be denied.

**E.  Claim and Issue Preclusion**

Finally, Grandberry submits that both claim preclusion and issue preclusion bar plaintiff's action. For those doctrines to apply, however, the issue in the prior adjudication must have been identical to the one in the present action and there must have been a final judgment on the merits thereof. See RFF Family P'ship, LP v. Ross, 814 F.3d 520, 531-32 (1st Cir. 2016) (explaining the elements of claim preclusion under Massachusetts law); In re Sonus Networks, Inc., Shareholder Derivative Litig.,

499 F.3d 47, 56-57, 62 (1st Cir. 2007) (explaining the elements of issue preclusion under Massachusetts law).

Here, neither the summary process nor the prior civil action in the Northeast Housing Court addressed the ownership of the Mortgage. While the action with respect to payment of water bills established that Grandberry was the owner of the Property subject to the Mortgage, the issue of the lawful holder of the Mortgage and the Note was not litigated or decided in that action. Accordingly, Deutsche Bank's claims for quiet title and declaratory judgment are subject to neither claim nor issue preclusion and defendant's motion to dismiss on the basis of <u>res judicata</u> will be denied.

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 35) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated April 12, 2019