**United States District Court**
**District of Massachusetts**

```
_____
                              )
DEUTSCHE BANK NATIONAL TRUST  )
COMPANY, As Trustee of        )
Ameriquest Mortgage Securities,)
Inc. Asset Backed Pass Through )
Certificates, Series 2005-R3, )
                              )
         Plaintiff,           )
                              )
         v.                   )        Civil Action No.
                              )        17-12581-NMG
GINA GRANDBERRY,              )
                              )
         Defendant.           )
_____  )
```

**MEMORANDUM & ORDER**

GORTON, J.

This case arises out of a dispute over the ownership of a mortgage ("the Mortgage") and an Adjustable Rate Note ("the Note"). Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R3 ("Deutsche Bank" or "plaintiff") maintains that it is the holder of record of the Mortgage and the Note and that Gina Grandberry ("Grandberry" or "defendant"), the owner of the mortgaged property, created a cloud on the title thereof by recording an affidavit at the Registry of Deeds that denied its lien on the subject property.

Deutsche Bank brings this action for declaratory judgment that it is the rightful mortgagee and noteholder, is entitled to

pursue foreclosure and that the affidavit recorded by defendant creates a cloud on the title of the subject property that should be removed.  Pending before this Court is plaintiff's motion for summary judgment on all claims asserted in the complaint and on all counterclaims asserted by defendant.  For the reasons that follow, plaintiff's motion will be allowed with respect to Count II of the complaint for declaratory judgment and with respect to all of defendant's counterclaims.

The Court previously declined to dismiss Count I of the complaint for Quiet Title because of the inadequacy of the briefing on the issue of whether a party can state a claim for quiet title to a mortgage.  While plaintiff moves for summary judgment on all counts of the complaint, it fails to cite any law in support of its claim to quiet title nor even to argue specifically for such relief.  Plaintiff has therefore failed to satisfy its burden as the moving party with respect to Count I of the complaint. See Fed. R. Civ. P. 56(a).

I.  **Background**

A.  **The Mortgage and the Note**

Plaintiff is a nationally chartered bank with a principal office located in Santa Ana, California.  Grandberry is an individual who resides in Lynn, Massachusetts.

In April, 1999, Grandberry took title to residential property ("the Property") in Lynn, Massachusetts, pursuant to a

quitclaim deed from Federal Home Loan Mortgage Corporation. That deed was recorded with the Essex District Registry of Deeds ("the Registry").  In February, 2005, Grandberry executed the Mortgage and the Note in the amount of $334,950 in favor of Ameriquest Mortgage Company ("Ameriquest").  The Mortgage was recorded with the Registry in March, 2005.

In April, 2005, the Mortgage and the Note were securitized and the Note was transferred to Deutsche Bank as trustee of the Series 2005-R3 Certificates pursuant to a Pooling and Servicing Agreement ("the PSA").  In February, 2007, Ameriquest assigned the Mortgage to Deutsche Bank and that assignment was also recorded with the Registry.

### B.   Prior Litigation

In December, 2011, Deutsche Bank foreclosed on the Mortgage and purportedly took title to the Property.  The foreclosure deed was recorded in the Registry in January, 2012.  Shortly thereafter, plaintiff filed a summary process action to evict Grandberry from the Property.  In October, 2013, the Northeast Housing Court determined that the foreclosure sale was invalid and entered judgment in favor of Grandberry.

In December, 2016, Grandberry executed an Affidavit of Clarification of Title ("the Affidavit") pursuant to M.G.L. c. 183, § 5B, in which she asserted that Deutsche Bank was not the holder of the Mortgage or the Note.  That affidavit was

subsequently recorded with the Registry in February, 2017.
Deutsche Bank recorded the decision of the Northeast Housing
Court with the Registry in March, 2017, thereby rescinding the
foreclosure deed.

In September, 2016, Grandberry filed a civil action against
Deutsche Bank in the Northeast Housing Court.  In June, 2017,
she filed a motion to compel Deutsche Bank to pay her water and
sewer bills after the water to her Property was disconnected.
After the Court determined that the foreclosure had been
rescinded and that Grandberry was still the nominal owner of the
Property, it denied her request to compel Deutsche Bank to pay
her outstanding bills.

### C.   Current Action

In December, 2017, Deutsche Bank initiated the present
action.  It asserts that Grandberry created a cloud on the title
by recording her Affidavit which adversely affects plaintiff's
ability to foreclose on the Mortgage.  In September, 2018,
defendant filed a motion to dismiss on the grounds that Deutsche
Bank is not the valid holder of the Mortgage or the Note.  In
April, 2019, this Court issued a Memorandum and Order denying
defendant's motion to dismiss and determining that plaintiff had
alleged facts sufficient to establish 1) standing and 2) that it
is the lawful holder of the Mortgage and the Note such that it

can enforce its rights thereunder through a declaratory judgment.

## II.   Motion for Summary Judgment

### A.   Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all

-5-

reasonable inferences in that party's favor. O'Connor v.

Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is

appropriate if, after viewing the record in the non-moving

party's favor, the Court determines that no genuine issue of

material fact exists and that the moving party is entitled to

judgment as a matter of law.

### B.   Application

The Massachusetts Supreme Judicial Court has construed the

term "mortgagee" under the applicable statutes as

> the person or entity then holding the mortgage and
> also either holding the mortgage note or acting on
> behalf of the note holder [(i.e. the person owning the
> note)].

Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1121 (Mass.

2012).  The mortgagee is entitled to foreclose on the secured

property in the event of default. Id. at 1127.  Before

initiating a foreclosure, however, the mortgagee must hold the

mortgage pursuant to a valid, written assignment and be able to

provide proof of such. See U.S. Bank Nat'l Ass'n v. Ibanez, 941

N.E.2d 40, 52-53 (Mass. 2011).

Grandberry has submitted no evidence to contravene the

authenticity or veracity of the Mortgage and the Note provided

to the Court by Deutsche Bank.  Rather, she submits that the

assignment of the Mortgage and transfer of the Note are void for

failure to comply with the terms of the PSA and thus Deutsche

-6-

Bank is not the valid holder of the Mortgage or the Note.  Yet even if the assignment of the Mortgage and/or the transfer of the Note is somehow deficient, Grandberry lacks standing to assert such a challenge. See Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 10-14 (1st Cir. 2014) (holding that a written assignment of a mortgage executed before a notary by a person purporting to hold the position of vice president of the assignor is valid under M.G.L. c. 183, § 54B such that an alleged defect in that instrument would render the assignment merely voidable, not void); Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013) ("[A] mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title."); see also Butler v. Deutsche Bank Tr. Co. Ams., 748 F.3d 28, 37 (1st Cir. 2014) ("Under Massachusetts law, it is clear that claims alleging disregard of a trust's PSA are considered voidable, not void." (collecting cases)).[1]

Deutsche Bank submitted to the Court 1) an Adjustable Rate Note executed by Grandberry and two executive officers of

---

[1] Although Grandberry submits that New York, rather than Massachusetts, law applies to the PSA and that under New York law, the assignment of the Mortgage violated its terms and was thus void, she cites no relevant statute or caselaw in support thereof nor with respect to how she has standing to assert such a challenge thereunder.  The Court deems that argument to be insufficiently developed and thus waived. See De Giovanni v. Jani-King Int'l, Inc., 968 F. Supp. 2d 447, 450 (D. Mass. 2013) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

Ameriquest with respect to the Property on February 15, 2005, 2) a Mortgage securing that Note executed by Grandberry on the same date in the presence of a notary public and 3) a written Assignment of the Mortgage and the Note to Deutsche Bank executed by the purported Vice President of Ameriquest on February 2, 2017, as witnessed by a notary public.  Based on the documents and affidavits submitted by Deutsche Bank and the lack of any evidence to the contrary, the Court finds that Ameriquest was the original holder of a valid Mortgage and Note.  Moreover, the written Assignment satisfies the criteria for a valid assignment of the Mortgage from Ameriquest to Deutsche Bank under M.G.L. c. 183, § 54B. Id. ("[An] assignment of [a] mortgage . . . if executed before a notary public . . . by a person purporting to hold the position of . . . vice president . . . of the entity holding such mortgage . . . shall be binding upon such entity . . . ."); Wilson, 744 F.3d 1, 12.

While Grandberry submitted a notice allegedly showing that PHH Mortgages Services, rather than Ocwen Loan Servicing, LLC ("Ocwen") (the purported servicer of the Mortgage) is the current servicer of the Mortgage, it appears that PHH Mortgages Services assumed that role only in April, 2019.  The notice submitted by Grandberry does not raise a genuine dispute that there is, in fact, a valid Mortgage serviced on behalf of Deutsche Bank as the holder thereof.  The Court therefore finds

-8-

that Deutsche Bank is the valid holder of both the Mortgage and the Note.

Having made that determination, the Court concludes that Grandberry's contrary assertions in the Affidavit are false. The Affidavit does not state facts relevant to the holder of title to certain land or that clarify the chain of title as required by M.G.L. c. 183, § 5B. <u>See</u> <u>Bank of Am., N.A.</u> v. <u>Casey</u>, 52 N.E.3d 1030, 1038-39 (Mass. 2016) ("The Legislature's choice of the word 'clarifying' suggests that the attorney's affidavit must be limited to facts that explain what actually occurred . . . ." (footnote omitted)).  The subject Affidavit should therefore be stricken from the record at the Registry.

Finally, plaintiff's motion for summary judgment with respect to each of defendant's counterclaims (which are based on the faulty premise that Deutsche Bank does not own the Mortgage or the Note) will be allowed.

<u>**ORDER**</u>

For the foregoing reasons, plaintiff's motion for summary judgment (Docket No. 51) is

1) with respect to Count II of the complaint for declaratory judgment, **ALLOWED**; and

2) with respect to all of defendant's counterclaims, **ALLOWED**; but is

3) with respect to Count I of the complaint, **DENIED**.

-9-

The following declaratory judgment is entered:

1) The Mortgage executed with respect to the Property at 12-12A Howard Street, Lynn, Massachusetts, and recorded in Book 24028, page 393 in the Essex (Southern District) County Registry of Deeds is valid and in full force and effect.

2) The "Affidavit of Lawful Ownership, Current Possession and to Clarify Title under G.L. c. 183 § 5B" recorded in Book 35696, page 472 in the Essex (Southern District) County Registry of Deeds is null and void and without any effect and should be expunged.

3) Deutsche Bank as Trustee and/or its successors or assigns are entitled to enforce the terms of the Mortgage and the Note.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 8, 2019